IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TOREY SMITH**   **PLAINTIFF**

**VS.**   **CIVIL ACTION NO. 3:20-cv-201-HTW-LGI**

**CHIEF DEON SCOTT, et al**   **DEFENDANTS**

REPORT AND RECCOMENDATION
OF UNITED STATES MAGISTRATE JUDGE

  This cause comes on the *sua sponte* motion of the Court. Plaintiff Torey Smith filed a Complaint in this action on March 20, 2020. Plaintiff's address on record is 3527 Ridgecrest Drive Jackson, MS 39212. The Court entered the Order to Show Cause [34] requiring Plaintiff: (1) show cause as to her failure to advise the Court of her change of address; (2) provide the Court a current and valid mailing address; and (3) respond to Defendants' Motion to Dismiss if Plaintiff desires to respond.1 *See* Doc. 34 at 1. The Court's Order [34] notified Plaintiff that failure to advise the Court of a change of address will result in the dismissal of this case, without further notice to the Plaintiff. A review of the Court file shows that Plaintiff failed to timely respond to the Court's Order [34]. The docket further shows that Plaintiff declined to respond to Defendants' Motion to Dismiss [32] filed on April 5, 2021.

  "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing

---

1. The Court mailed a copy of the Order to Show Cause [34] to Plaintiff on May 12, 2021 at her address on record: 3527 Ridgecrest Drive Jackson, MS 39212.

1

*Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Valentine v. Pearson*, No. 5:10-CV-160-DCB-JMR, 2011 WL 2680716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraght*y, 445 U.S. 388, 396 (1980)).

Given Plaintiff's failure to demonstrate a continuing injury in this case, as well as her failure to maintain a current address with the clerk of the court, the undersigned recommends that her Complaint be dismissed without prejudice. Alternatively, if Plaintiff files a timely objection to this Report and Recommendation, demonstrating that her claims were not rendered moot by her failure to update the Court, she should be allowed to proceed on her claims.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within fourteen (14) days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within seven (7) days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636;

Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED this the 10th day of June, 2021.

                                                /s/ LaKeysha Greer Isaac
                                                UNITED STATES MAGISTRATE JUDGE